LODGED

Darryl Ransom
NAME

E-40704
PRISON IDENTIFICATION/BOOKING NO.

P. O. Box 689, (FW-315-Low)
ADDRESS OR PLACE OF CONFINEMENT

Soledad, California. 93960-0689

Note:  It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his name, address, telephone and facsimile numbers, and e-mail address.

2007 JUL 27 AM 11: 06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY_____

FILED
CLERK, U.S. DISTRICT COURT

JUL 27 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION      BY DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re Darryl Ransom
FULL NAME (Include name under which you were convicted)
                                                Petitioner,

hereby attest and certify on _____
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Ben Curry, (Warden)
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER
                                                Respondent.

CASE NUMBER:

CV __CV 07-4453 PSG (JCR)__
To be supplied by the Clerk of the United States District Court

FIRST    AMENDED    PETITION

PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION Los Angeles
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV    N/A
CV    N/A

### INSTRUCTIONS - PLEASE READ CAREFULLY

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

5. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

6. When you have completed the form, send the original and two copies to the following address:
   Clerk of the United States District Court for the Central District of California
   United States Courthouse
   ATTN: Intake/Docket Section
   312 North Spring Street
   Los Angeles, California 90012

DOCKETED ON CM

AUG - 1 2007

BY _____  667

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C § 2254)

CV-69 (04/05)                                                                                              Page 1 of 10

Original

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☐ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☒ a parole problem.
4. ☒ other. Failure of the Board of Parole Hearing to follow the mandate's of Penal Code § 3041(a).

## PETITION

1. Venue
   a. Place of detention  The Corretional Training Facility - Central, Soledad, CA.
   b. Place of conviction and sentence  Superior Court of Caliornia, County of Los Angeles, City of Torrance.

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*):  Murder 2nd degree.

   b. Penal or other code section or sections:  Penal Code § 187.

   c. Case number:  A906887.
   d. Date of conviction:  July 10, 1989
   e. Date of sentence:  July 10, 1989
   f. Length of sentence on each count:  15-Years-To-Life-"With"-The-Possibility-Of-Parole-Release.

   g. Plea (*check one*):
      ☐ Not guilty
      ☒ Guilty
      ☐ Nolo contendere
   h. Kind of trial (*check one*):
      ☐ Jury
      ☒ Judge only  "Plea Bargain"

3. Did you appeal to the California Court of Appeal from the judgment of conviction?    ☐ Yes  ☒ No
   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
   a. Case number:  N/A
   b. Grounds raised (*list each*):
      (1)  N/A

   (2) N/A
   (3) N/A
   (4) N/A
   (5) N/A
   (6) N/A
 c. Date of decision: N/A
 d. Result  N/A
  N/A

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?  ☐ Yes  ☒ No

 If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

 a. Case number: N/A
 b. Grounds raised *(list each)*:
   (1) N/A
   (2) N/A
   (3) N/A
   (4) N/A
   (5) N/A
   (6) N/A
 c. Date of decision: N/A
 d. Result  N/A
  N/A

5. If you did not appeal:
 a. State your reasons  Petitioner entered into a Plea Bargain with the state.

 b. Did you seek permission to file a late appeal?  ☐ Yes  ☒ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?
 ☒ Yes  ☐ No
 If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.  (1) Name of court: Superior Court of California, County of Los Angeles.

   (2) Case number: BH003887

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: January 2, 2006

   (4) Grounds raised *(list each)*:

   (a) There i no evidence in the record to support the Board' determination that Ransom is not suitable for parole and is a current unreasonable risk to public safety if released. Because, California Law requires more than mere Pro Forma consideration. The deciion by the board was objectively unreasonable in the face of the evidence. The manner in which Ransom committed his offense does not demonstrate an especially heinous, atrocious, or cruel manner for human suffering to support a parole denial. The Board's parole denial ignored the factors demonstrating Ransom's suitability for parole. The Board's refusal to release Ransom on parole is an unlawful, unguided abouse of its' discretion The Board of Parole Hearings must provide the "Recipprocal Benefits" of "Lessened Punishment" to a prison contractual convicted by Plea Agreement.

   (b)
   (c)
   (d)
   (e)
   (f)

   (5) Date of decision: November 22, 2006.

   (6) Result: Denied.

   (7) Was an evidentiary hearing held? ☐ Yes  ☒ No

b.  (1) Name of court: Court of Appeals, Second Appellate District.

   (2) Case number: B195982

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ___

   (4) Grounds raised *(list each)*:

   (a) "SAME AS ABOVE"
   (b) "    "    "
   (c) "    "    "
   (d) "    "    "
   (e) "    "    "
   (f) "    "    "

   (5) Date of decision: February 16, 2007

   (6) Result: Denied.

   (7) Was an evidentiary hearing held? ☐ Yes  ☒ No

c.  (1) Name of court: Califoria Supreme Court

   (2) Case number: S151033

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: February 27, 2007

   (4) Grounds raised *(list each)*:

   (a) Does the Board of Parole Hearings repeated denial of petitioner's parole violate petitioner's Due Process: Because, the reasons are not supported by the record and effectively resentenced petitioner?
   (b) Does the Board of Parole Hearings decision violate petitioner's Due Process: Because, there is no evidence that indicate petitioner's release unreasonably endangers public safety?

(c) is the Second Degree Murder for which petitioner accepted a Plea Bargain so "Egregious" so "Especially Heinous" and "Callous" to keep denying petitioner parole.

(d) Does the Board abuse its dicretion by appliying its regulations in a manner that is inconsitent with statutory provisions and does it

(e) uncontitutionally deprive petitioner's like petitioner of a vested liberty interest?

(f) Does the application of the "Some Evidence" standard of judicial review militate against the effective implementation of california's parole statutes and allows unconstitutional deprivation of a protected and substantial liberty interet.

(5) Date of decision: May 9, 2007.

(6) Result: Denied.

(CONTINUED ON PAGE 5(A) of 10)

(7) Was an evidentiary hearing held?   ☐ Yes   ☒ No

7. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the facts supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

   CAUTION:   *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present all of your grounds to the California Supreme Court.

   a. Ground one: There is no evidence in the record to support the board's determination that Ransom is not suitable for parole and is a curret unreasonable risk to the public if released.

   (1) Supporting FACTS: parole may be denied based on the commitment offense circumstances, but only if all other relevant and reliable information is considered. In re Ramirez, 94 Cal.App. 4th 549, citing In re Seabock, (1983) 140 Cal.App.3d 29, 37-38. Furthermore, in order to justify denying parole based on the

   (CONTINUED ON PAGE 5(A) of 10)

   (2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☒ Yes   ☐ No
   (3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☒ Yes   ☐ No
   (4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   ☒ No

   b. Ground two: Because California Law requires more than mere Pro Forma consideration the decision by the Board was objectively unreasonable in the face of the evidence.

   (1) Supporting FACTS: Petitioner contends that his parole hearing hs been Pro Forma. While the California Board of Parole Hearing has been vested with the authority to make suitability determinations, it was also directed by the controlling statute to establish criteri for the setting of parole dates

   (CONTINUED ON PAGE 5(A) of 10)

   (2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☒ Yes   ☐ No
   (3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☒ Yes   ☐ No

6.-(g) (Con.t):

(g) Did the Board of Parole Hearings rendered petitioner's Plea Agreement constitutionally invalid by refusingto provde petitioner with reciprocal benefits of "Lessened Punishment petitioner bargain for when accepting his Plea Agreement?

---

7.-(a)-(1) Supporting Facts (Con.t):

offense, the board is required to find that "the prisoner committed the offense in an especially heinous, atrocious or cruel manner." (California Code of Regulatins, Title 15, § 2402(c)-(1). In petitioner's case the Board asserted that the offense was "callous" this determination could not possibly be sufficient [to justify a parole denial for a second degree murder.] Since it would necessarily apply to every second degree murder. Rosendrantz, 80 Cal.App4th at p. 425, citations omitted. First, none of the circumstances set forth in the Board's regulations to justify denying parole based on the offense exist here, that's why the Board did not cite any of them intheir decision. There is absolutely no evidence to show that petitioner shot the victim dispassionately, execution style, or that multiple victims were attacked. To the contrary, petitioner shot the victim one time. Second, when the Board put forth the gravity of the crime as its primary basis for denying parole it was required "to comply with the parole policy established by the Legislature in Penal Code, § 3041(a) that parole shall normally be granted.

In Biggs v. Terhune, (2003) 334 F.3d 910 at pp.915 -916, the court discussed the limits of using the immutable andunchanging facts of the crime to deny parole in the face of evidence that the inmate has achieved rehabilitation. The Ninth Circuit was clear that, at some point, the crime cannot any longer be used to deny parole suitability without violating Federal Due Process. Due Process and petitioner's liberty interest has been violated by the repeated denials of parole by the Board well beyond petitioner's minimum term.

---

7.-(b)-(1) Supporting Facts (Con.t):

and did so (see generally, In re Stanworth, (1982) 33 Cal.3d 176.) the matrixes were for various circumstances, but the board has dismissed their importance contrary to state law as previously interpreted.

In In re Dannenberg, (2005) 34 Cal.4th 1061. The California Supreme Court recently repudiated its former construction of the parole statutes and now disavows and disapproves what it explained the law to be in Stanworth, and In re Rosenkrantz, (2002) 29 Cal.4th 616 at p. 683 (approving and uoting In re Ramirez, (2001) 94 Cal.App.4th 549). Even so, parole consideration hearing must still be more than mere Pro Forma, andthe Board Must still provide evidence with respect to the exceptional gravity of the offense using the standards provided by the regulations pertaining to suitability and unsuitability determination. Petitioner contends that in this case there is no evidence reasonably supporting the conclusion that he poses a threat to public safety. Clearly explained with respect to the requirement of due process. The continued incarceration of petitioner, deprives him of due process as explained by Biggs, citing established Supreme Court authority. It is now a well established principle that a constitutional protection attaches to an inmate's interest in parole under Penal Code, § 3041, as the Ninth Circuit Court of appeals held in McQuillion v.

(CONTINUED ON PAGE 6(A) of 10)

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☒ No

c. Ground three: <u>The manner in which petitoner committed his offense does not demonstrate an especially heinous, atrocious, or cruel manner for human suffering to support a parole denial.</u>

(1) Supporting FACTS: <u>The statutory language givingrise to the constitutionally protected liberty interest requires that petitioner in this instant case be released on parole if doing so would not pose an unreasonable threat to public safety. The Board's decision that petitioner poses an (CONTINUED ON PAGE 6(A) of 10)</u>

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☒ Yes    ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☒ Yes    ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☒ No

d. Ground four: <u>The Board's parole denial ignored the factors demonstrating petitioner's suitability for parole.</u>

(1) Supporting FACTS: <u>All relevant, reliable information available to the panel shall be considered in determining suitability for parole. "California Code of Regulations, Title 15 § 2402(b) emphasis added as explained above the Board ignored the finding of the Psychological Evaluation (CONTINUED ON PAGE 6(A) of 10)</u>

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☒ Yes    ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☒ Yes    ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☒ No

e. Ground five: <u>The Board's refusal to release petitioner on parole is an unlawful, unguided abuse o its discretion.</u>

(1) Supporting FACTS: <u>At the time of the September 15, 2005 parole hearing petitioner, had served close to (22-actual-years) in prison had the Board properly granted him parole and credited him with the customary (4-months) of credits toward his sentence for each year he actually served. He would earn an (CONTINUED ON PAGE 6(A) of 10)</u>

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☒ Yes    ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☒ Yes    ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☒ No

7.-(b)-(1) Supporting Facts (Con.t):

Duncan, (2002) 306 F.3d 895 at p. 902." California Parole Scheme gives rise to a cognizable libery interest in release on parole."

7.-(c)-(1) Supporting Facts (Con.t):

unreasonable risk of danger or a threat to public safety is without support in the record by evidence with an "indicia of reliability" and unlawfully deprived him of his liberty interest. There is no evidence that "this offense was carried out in a manner which demonstrate an exceptionally callous disregard for human suffering are that it was heinous, atrocious, or cruel." To demonstrate an exceptionally callous, heinous, atrocious, or cruel disregard for human suffering." The offense in question must have been committed in a more aggravated or violent manner than that ordinarily shown in the commission of a second degree murder. As in Scott, " no such facts or anything remotely similar are present inthe instant case." See also In re Smith, (2003) 114 Cal.App.4th 343, 367: (there is no evidence Smith, tormented, terrorized, or injured [His Victim] before deciding to shoot [Him], or that he gratvitously increased or unnecessarily prolonged [His] pain and suffering) Moreover, under the Board's only regulations an inmate maybe deemed suitable even though his offense demonstrated exceptionally callous disregard for human suffering (see California Code of Regulations, Title 15, § 240(c)-(C-III), of the Second Dgree Matrix suggests (14-20-21-Years) not counting post conviction credits.

7.-(d)-(1) Supporting Facts (Con.t):

regarding petitioner's violence potential and no need for therapy. The Board's failure to consider such information available to it thus violates this section. The Board also failed to find that several other factors favored suitability as required by subdivision (d) of section 2402. Petitioner, has a stable social history. He continues to enjoy strong support from his sister, aunts, wife, and friends § 2402(d)-(2). Petitioner has shown consistent and genuine signs of remorse for his crime, for the victim and for both the victim's family and his own family § 2402(d)-(3). The crimewas committed at an extremely young age over (22-years) ago. Petitioner is now (45-Yeears-Old) and has matured considerably, § 2402(d)-(7). Petitioner has made very realistic plans for his release on parole. He has a place to live and several job offers and additional assistance from family and friends § 2402(d)-(8). Petitioner institutional activities (i.e. his substantial participation in self-help programs and his developmentof marketable skills, § 2402(d)-(9). The Board failed to consider these factors violates its regulations.

7.-(e)-(1) Supporting Facts (Con.t):

additional (88-months), or (7-Years) and (4-months). Petitioner's total period of incarcerationat that point would have been (29-years) and (4-months), well beyond the (18-19-20-Years) established by the matrix, § 2403(c)-(III)-(B). The Board has not advanced any reason, nor is there one in the record, for exceeding the matrix in this case, since the matrix takes into account the circumstances of the commitment offense in setting the Base Term. There is no basis for setting the term beyond that provided by the matrix unless the crime was especially

heinous, which this case was not indeed, beyond the guidance provided by the matrix any other term based onthe details of the crime, which will never change would be arbitrary. See Biggs v.Terhune, (2003) 334 F.3d 910 at pp. 915-916.

In order to prevent the unguided abuse of discretion condemned by the California Supreme Court in In re Rodriguez, (1975) 14 Cal.3d 639, the Board developed guidlines for setting terms of imprisonment for specific crimes. These guidlines are commonly referred toas the matrix (see California Code of Regulations, Title 15, § 2403(c).

Rodriguez, held unconstitutional the parole authority's practice of setting the terms of indeterminately sentenced prisoner's at the maximum which was life. Holding that its' obligation to "assure that the indetermine sentence law is properly adminstered ... is not limited to consideration of procedural due process alone." The court found that the petitioner's life sentence was excessive and disproportionate and ordered him released from custody. Rodriguez, at p. 649, 656.

---

f. Ground six: The Board ot Parole Hearing Must provide the "reciprocal benefits" of "lessened punishment" to a prisoner contractually convicted by Plea Agreement.

(1) Supporting FACTS:

Parole is the exclusive domain of the executive branch of the Government and only the Board of Parole Hearings can determine when a prisoner serving a life sentence will be paroled. However, the proseutor, as well as the board are both member of the executive branch of the government. People v. Parmar, (2001) 86 Cal.App.4th 781, 797, 104 Cal.Rptr.2d 31, 43 ["the prosecutorial function is an executive branch function ...."] any promises, express or implied, made by a prosecutor in conjunction with a plea bargain is binding on the board (Brown v. Poole, supra 337 F.3d 1155.)

As part of petitioner's plea agreement "[w]hen [Petitioner] waived his state constitutional remedies and admitted his guilt he did so under the law than existig (People v. Powers, (1984) 151 Cal.App.3d 905, 915) and under that law petitioner, plead guilty with the understanding that in return for providing the state immediate and tangible benefits in the form of him serving a lengthy prison term, and punishment with out expediture of prosecutorial resources as required by People v. Collins, 91978) 21 Cal.3d 208, 214-215.) Petitioner, would receive the court mandated "reciprocal benefits" of "lessened punishment," which expressly attaches as an implied term to every plea agreement.
Brown v. Poole, (9th Cir. 2003) DJDAR 8706 citing U.S. v. De La Fuente, (9th Cir. 1993) 8 F.3d 1333, 1337, holding that a plea agreemet terms are constitutionally construed based on a defendant's understanding.) Since the parties to a plea agreement contract must be both received "reciprocal consideration" petitioner, could not have reaonably understood his 'reciprocal beneits," to a term of life imprionment, his beneits to have merely been the opportunity to appear before a parole board which routinely denies parole long after prisoner's have served terms for exceeding statutory law and the suggested matrix based term.

## C O N C L U S I O N

For the reasos stted herein petitioner submits that his parole consideration hearing have been merely a "Sham hearings" and not given real "due consideration" violating petitioner's due process and deprived petitioner of his liberty interest in parole.


Respectfully submitted,

_____
Mr. Darrly Ransom
(Petitioner)

IN  PRO  SE

8. If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: __N/A__
   __N/A__
   __N/A__

9. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?
   ☐ Yes  ☒ No

   If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

   a. (1) Name of court: __N/A__
      (2) Case number: __N/A__
      (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: __N/A__
      (4) Grounds raised *(list each)*:
         (a) __N/A__
         (b) __N/A__
         (c) __N/A__
         (d) __N/A__
         (e) __N/A__
         (f) __N/A__
      (5) Date of decision: __N/A__
      (6) Result __N/A__
      __N/A__
      (7) Was an evidentiary hearing held?    ☐ Yes  ☒ No

   b. (1) Name of court: __N/A__
      (2) Case number: __N/A__
      (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: __N/A__
      (4) Grounds raised *(list each)*:
         (a) __N/A__
         (b) __N/A__
         (c) __N/A__
         (d) __N/A__
         (e) __N/A__
         (f) __N/A__
      (5) Date of decision: __N/A__
      (6) Result __N/A__

(7) Was an evidentiary hearing held?    ☐ Yes   ☒ No

10. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?   ☐ Yes   ☒ No

   If so, give the following information (and attach a copy of the petition if available):

   (1) Name of court: __N/A__

   (2) Case number: __N/A__

   (3) Date filed (or if mailed, the date the petition was turned over to the prison authorities for mailing): __N/A__

   (4) Grounds raised (list each):

   (a) N/A
   (b) N/A
   (c) N/A
   (d) N/A
   (e) N/A
   (f) N/A

11. Are you presently represented by counsel?   ☐ Yes   ☒ No

   If so, provide name, address and telephone number: __"Help from another inmate"__
   N/A
   N/A

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding,

__N/A  IN  PRO  SE__
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __7-23-07__       _____[signature]_____
             *Date*                    *Signature of Petitioner*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**DEPT 100**

| Date: November 22, 2006 Honorable: David Wesley | Judge Bailiff | R. Young | Deputy Clerk Reporter |
|---|---|---|---|
| BH003887 IN RE: DARYL RANSOM Petitioner On Habeas Corpus | (Parties and Counsel checked if present) Counsel for Petitioner: Counsel for Respondent: | | |

Nature of Proceeding    **ORDER RE: WRIT OF HABEAS CORPUS**

    The Court has read and considered petitioner's Writ of Habeas Corpus filed February 10, 2006. Having independently reviewed the record, giving deference to the broad discretion of the Board of Prison Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's findings that petitioner is unsuitable for parole. (See Cal. Code Regs., tit. 15 §2402; *In re Rosenkrantz* (2002) 29 Cal. 4th 616, 667 (hereafter *Rosenkrantz*).)

    Petitioner's life term began on June 19, 1987. He is serving a term of 15 years to life with a minimum parole eligible date of December 21, 1993. Petitioner was convicted of second degree murder in violation of Penal Code section 187. The record reflects that on June 1, 1983, petitioner, a drug dealer, went to the victim's house to settle a drug debt that the victim owed him. While the victim was asleep on his couch, petitioner shot him, causing his death.

    The record reflects that the Board found petitioner unsuitable for parole after a parole consideration hearing held on September 28, 2005. Petitioner was denied parole for two years.

    The Board concluded that Petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety if released from prison. The Board based its decision on seeral factors, including his commitment offense.

    The Court finds that there is some evidence to support the Board's findings that petitioner is unsuitable because the offense was carried out in a dispassionate and calculated manner and the motive of the crime was very trivial in relation to the offense. (See Cal. Code Regs., tit. 15, §2402, subds. (c)(1)(B) & (E).) The record further reflects that the Board also relied on several additional factors in denying petitioner parole at this time, and there is some evidence to support that decision. There is some evidence that petitioner is unsuitable due to petitioner's juvenile record of murder and petitioner's unstable social history as supported by a psychologist's evaluation of an anti-social personality disorder. (See Cal. Code Regs., tit. 15, §2402, subd. (c)(2), (c)(3), (d)(2).) In addition, there is some evidence that petitioner needs to participate in additional institutional programming and self-help to indicate an enhanced ability to function within the law upon release. (See Cal. Code Regs., tit. 15, §2402, subd (d)(9).) The Board was acting within its authority when it considered petitioner's various preconviction and postconviction factors, yet concluded that he would pose an unreasonable threat to public safety. (See Pen. Code §301, subd. (b).)

1

Minutes Entered
11-22-06
County Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| Date: November 22, 2006 | | | |
|---|---|---|---|
| Honorable: David Wesley | Judge<br>Bailiff | R. Young | Deputy Clerk<br>Reporter |

(Parties and Counsel checked if present)

| BH003887<br>IN RE:<br>DARYL RANSOM<br>          Petitioner<br>On Habeas Corpus | Counsel for Petitioner:<br><br>Counsel for Respondent: |
|---|---|

Therefore, the petition is denied.

Clerk to give notice. Proof of mailing attached.

Dated: November 22 2006

Minutes Entered
11-22-06
County Clerk

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re<br><br>DARRYL RANSOM<br><br>on Habeas Corpus. | B195982<br><br>(Super. Ct. Nos. BH003887, A906887)<br><br>(David Wesley, Judge)<br><br>ORDER |

COURT OF APPEAL - SECOND DIST.
FILED
FEB 1 6 2007
JOSEPH A. LANE    Clerk
C. HON
                  Deputy Clerk

THE COURT*:

We have read and considered the petition for writ of habeas corpus filed on January 9, 2007.

The petition is denied.

\* RUBIN, Acting P. J.            BOLAND, J.            FLIER, J.

Court of Appeal, Second Appellate District, Div. 8 - No. B195982
S151033

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

In re DARRYL RANSOM on Habeas Corpus

The petition for review is denied.

SUPREME COURT
FILED
MAY - 9 2007
Frederick K. Ohlrich Clerk
_____
DEPUTY

GEORGE
_____
Chief Justice

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, **Darryl Ransom** _____, declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

**Darryl Ransom**_____, CDCR #: **E-40704**_____
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: **(FW-315-Up)**
SOLEDAD, CA 93960-0689.

On _____, I served the attached:

**FEDERAL PETITION FOR WRIT OF HABEAS CORPUS AND ATTACHED EXHIBITS.**
_____

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

United States District Court
Central District of California
312 N. Spring, Street, #: (G-8)
Los Angeles, California.
Zip. 90012-4793

Mr. Jerry Brown, (Attorney General)
300 S. Spring, Street.
Los Angeles, California.
Zip. 90013

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __7-23-07__.

*Daryl Ransom*
**Darryl Ransom**
Declarant